DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Gaytha Drabenstott appeals the denial of her motion for visitation with her grandchild, Ariel. We affirm.
 I.
Gaytha's son, Terry Pannell, married Gwendolyn Pannell. The marriage produced one child, Ariel. On April 1, 1994, Gwendolyn filed for divorce. On November 2, 1994, one week prior to the final divorce hearing, Gaytha filed a motion seeking visitation with Ariel. In February 1995, Gaytha's request was denied, Gwendolyn was granted a divorce, and Ariel was placed in Gwendolyn's custody.
On April 30, 1997, Gaytha filed a second request for visitation with Ariel. Again, Gaytha's request was denied. Gaytha appeals this second denial.
 II.
Gaytha's second request for visitation was heard by a magistrate. The magistrate decided that Gaytha's request should be denied because she failed to show a change of circumstances. See R.C. 3109.051(B)(2). The magistrate's decision was adopted by the trial court and Gaytha objected, arguing that she had shown that the circumstances had changed. The trial court overruled Gaytha's objection, specifically noting that Gaytha had failed to provide the trial court with a transcript of the hearing before the magistrate.
Civ.R. 53(E)(3)(b) requires that "[a]ny objection to a finding of fact [by a magistrate] shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Therefore, Gaytha was required to supply the trial court with a transcript of the hearing or affidavit of the evidence to support her objections.
There is no indication in the record that a transcript of the hearing before the magistrate was supplied to the trial court in conjunction with Gaytha's objections and the record does not contain an affidavit of the evidence. Additionally, Gaytha has never claimed that she provided the trial court with either a transcript or an affidavit. Therefore, because Gaytha failed to provide the trial court with a transcript or affidavit as required by Civ.R. 53(E)(3)(b), her objections to the magistrate's decision were properly overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
REECE, J.
DICKINSON, J., CONCUR